DE LAVAL SEPARATOR COMPANY, Appellants, v. E. D. SHARPLESS, Appellee.

**Agency:** AUTHORITY OF AGENT: EVIDENCE. On an issue as to the authority of plaintiff's agent to make a contract with defendant for the exclusive sale of plaintiff's goods in certain territory, the evidence is reviewed and held to present a question for the jury.

**Evidence:** CONCLUSION: OBJECTION. Where a witness who heard the conversation relative to defendant's appointment as agent for the sale of plaintiff's goods was asked to state what was said respecting the matter the question was not subject to the objection that it called for a conclusion.

**Same.** After a witness has fully answered it is proper for the court to refuse to strike it as immaterial, irrelevant and incompetent.

**Contract of agency:** STATUTE OF FRAUDS. An oral contract of agency for the sale of goods to be performed within one year is not within the statute of frauds; nor where the agent has incurred expense in preparing to perform the contract, or has given an

order for goods, which has been partly filled, is the statute applicable.

**Appeal:** REVIEW: CONFLICTING EVIDENCE. Where there is sufficient testimony to justify the finding of a jury, the fact that it was contradicted is immaterial; and if the issues are properly submitted the losing party can not complain of the verdict on appeal.

**Same:** DAMAGES: EVIDENCE. The fact that there was no evidence as to one item of damage will not warrant the conclusion that there was no evidence to support. the verdict, where other elements of damage were submitted and there is no contention that the verdict . is excessive.

*Appeal from Pottawattamie District Court.*—HON. O. D. WHEELER, Judge.

WEDNESDAY, APRIL 7, 1909.

ACTION to recover for goods sold and delivered.   Defendant admitted the account, but pleaded a counterclaim for an alleged breach of an agency contract, whereby plaintiff agreed to give him the exclusive sale of cream separators in Council Bluffs and vicinity.   The case was tried to a jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.—*Affirmed.*

*Charles F. Vogel* and *Walter S. Stillman,* for appellant.

*Harl & Tinley,* for appellee.

DEEMER, J.—As defendant admitted plaintiff's account, and had judgment upon his counterclaim, the questions arising upon this appeal have reference to the issues tendered by the answer.   The claim made therein is that plaintiff made defendant its sole and exclusive agent for the sale of separators in Council Bluffs and vicinity for a fixed price, which contract of agency was renewed from time to time, the last renewal being made in August

of the year of 1902, for the term of one year. It is charged in the answer that, shortly after this renewal was made, plaintiff, in violation of its agreement, made an arrangement with the Waterloo Creamery Company, located in Council Bluffs, for the sale of its products, and pursuant thereto sold this company a large number of its separators, and refused to comply with its contract with defendant. Damages in the sum of $1,200 were asked. The trial, which was to a jury, resulted in a verdict for defendant in the sum of $273.64, upon which judgment was rendered.

For a reversal plaintiff relies upon something like six errors, which it claims were committed by the trial court. These assignments relate to rulings on the admission

1. AGENCY: authority of agent: evidence.

and rejection of testimony, to certain instructions given by the trial court, and to the verdict as returned by the jury. Defendant says that he made his contract with one Graham, who it is claimed was plaintiff's agent, and it is contended that there is no competent testimony of the making of such a contract as is relied upon, and that there is no proof that Graham had authority to make any such contract. It is conceded, however, that Graham was plaintiff's agent, for he testified: "I was representative for the Omaha territory in January, 1902, for the De Laval Separator Company. My duties were to look up agencies, look after the sales and any business that came up in my territory connected with the company. My position was representative for the De Laval Separator Company in part of Western Iowa, about 25 counties, and nearly all of Nebraska." Again plaintiff wrote defendant, in substance, that "I (defendant) was to order of Mr. Graham, as he had charge of this territory, and must do all dealings with Mr. Graham, as he made the contract with me." Graham himself testified, upon another trial, as to his duties as follows: "The duties are to look after the De

Laval separators in general in this part, make agencies or any other arrangement for caring for their business." And it is shown that plaintiff, when asked regarding an agency for its machine, wrote that it could not give it to the applicant, but that he must see Graham. Other testimony was introduced tending to show that Graham was plaintiff's agent. Moreover, after the contract was made, plaintiff shipped machinery to defendant, and he accounted therefor according to his contract. This was sufficient evidence of a ratification to take the case to the jury. *Kimball Bros. v. Citizens' Car & Electric Co.,* 141 Iowa, 632.

II. A witness, who claimed that he heard the conversation between Graham and defendant which created defendant's agency for plaintiff, was asked as to whether or not Graham said the agency was to be exclusive. This was objected to as incompetent, immaterial and irrelevant, but the objection was overruled. It is now argued that the witness was permitted to state a conclusion rather than to state facts. Assuming that the objection raises this point, we do not think it well taken. The witness was asked as to what was said respecting this matter, and the form of the question was not subject to the objection interposed.

2. EVIDENCE: conclusion: objection.

Two or three witnesses testified as to the custom of the manufacturers of cream separators in making exclusive contracts in Western Iowa during the year 1902, saying that the practice was to make the contracts exclusive for a given territory. After the testimony of each witness had been concluded, and the evidence received without objection, plaintiff's counsel moved to strike the same as immaterial, irrelevant, and incompetent. These motions were overruled, and error is assigned on the rulings. They may have been overruled because they came too late; and, if this be true,

3. SAME

we should not interfere. The testimony of each witness was received without objection, and plaintiff's counsel did not see fit to object thereto until the witness had fully concluded his testimony. Upon such a record we are justified in disregarding the motions.

III.   Some of the instructions given by the trial court were excepted to, and it is now claimed that they were erroneous, in that they assumed certain facts which were in dispute, or were established beyond conflict, where there was conflicting testimony. We have gone over these instructions with care, and do not find any just ground for the criticism.

IV.   Claim is made that the contract upon which defendant bases his action is within the statute of frauds, and therefore void. It does not appear that the statute

4. CONTRACT OF AGENCY: .statute of frauds.

of frauds is involved. The contract was one which was to be performed within one year. Moreover, the contract was partly performed. Defendant incurred expense .in preparing to perform the contract, and after the making thereof placed an order for several machines with the plaintiff. ˙ These orders were filled, or partially filled, and the goods were shipped. This clearly took the case out of the statute. *Kaufman v. Mfg. Co.,* 78 Iowa, 679.

V.   The main point made by appellant is that the verdict is without support in the testimony. There is no doubt that Graham was plaintiff's agent for some purpose; that

5. APPEAL: review: conflicting evidence.

he undertook to make a contract for his company with defendant for the sale of separators; that under the contract plaintiff shipped many machines to the defendant. It is also conceded that, after making the contract with defendant, plaintiff gave an agency to the Waterloo Creamery Company, and sold that company goods to be resold at retail in the territory which defendant claimed was given him. The testimony also shows that defendant demanded a

commission for the goods sold by the creamery company, and that after this demand plaintiff refused to send him (defendant) any more goods, and that it brought action against him to recover the goods then in his hands. Graham's agency being concluded there were but two questions to be submitted to the jury with reference thereto, and these were (1) the nature and extent of his agency; and (2) assuming that he had power to create an exclusive agency, Did he give that sort of an one to defendant? These questions were fairly submitted to the jury, and the answer was in the affirmative to each. There is enough testimony to justify such a finding, although most of it was contradicted. This contradiction did no more than make a jury question; and, having submitted the matter to twelve good and lawful men, plaintiff may not complain of their finding.

VI.    For appellant it is further contended that there is no evidence upon which to base the verdict returned. Counsel admit that plaintiff shipped many machines to the creamery company, but they say that, as the creamery company did not sell these at retail in defendant's territory, there is no basis for any finding as to damages. If defendant were relying solely upon a recovery of the commission lost on each sale made by the creamery company, there would be much force in this position. But such is not the situation. True, loss of commission or profits on sales made by the creamery company was submitted as an element of damages, but many other items were also included of which plaintiff makes no complaint, and it is not argued that the verdict is excessive.

6. Same: damages: evidence.

We discover no prejudicial error, and the judgment must be, and it is, *affirmed.*